19 N.J. Super. 532 (1952)
88 A.2d 676
CLAUDE O. TODD, PLAINTIFF,
v.
MUTUAL AID SAVINGS AND LOAN ASSOCIATION, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided May 14, 1952.
*534 Mr. Neil F. Deighan for the plaintiff (Messrs. Evoy, Feinberg & Deighan, attorneys).
Mr. Paul R. Cranmer for the defendant.
SHEEHAN, J.C.C.
This suit is predicated upon the plaintiff's claim that the defendant as the grantor conveying title to a parcel of land to him by a full warranty deed breached a covenant against encumbrances under a state of facts stipulated by the parties. The instant deed was executed and delivered on April 11, 1939, by the defendant without recital of his immediate grantor.
Approximately ten years later the plaintiff discovered that the parcel purchased by him was part of a tract of 19 acres granted to Emily L. Janeway on June 13, 1887. This tract was one-half of a piece which was owned by Emily L. Janeway and other members of her family. Miss Janeway conveyed the whole of her interest by deed dated October 17, 1924, while she was an inmate of the New Jersey State Hospital to George S. and William H. Cummings. This deed was prepared by an attorney who represented the interests of the Janeway family generally, other members of which at about the same time, conveyed their shares in the remaining 19 acres of the whole tract to the same grantees. Miss Janeway received a consideration of $5,000, as indicated by the revenue stamps appearing on the deed and her execution of the same was witnessed by the medical director of the institution to which she had been committed.
An accompanying sale by another member of the family was made under an order of the Orphan's Court of Ocean County upon affidavits establishing the value of the land at $200 an acre.
Thereafter on July 29, 1930, Miss Janeway was, upon inquisition, adjudged to be a lunatic with the conclusions of the commission stating: "The said Emily L. Janeway (is) a lunatic and of unsound mind, who does not enjoy lucid intervals so that she is not capable of the government of *535 herself, her lands, tenements, goods and chattels, and who has been in the same state of lunacy for the space of 14 years last past and upwards."
Upon the discovery of these facts the plaintiff sought out the heirs of Emily L. Janeway and through counsel obtained the execution of seven deeds which it is contended were required to remove the encumbrances existing against the land and expended the sum of $171.60 for actual expenses, together with the fee paid to counsel who prepared the deeds and the several affidavits required in this effort to perfect the title. The plaintiff sues for these expenses as the result of his damage alleging the defendant's breach of its warranty of good title and against encumbrances.
The approach to this problem begins with a consideration of the effect to be accorded an adjudication of lunacy and the provisions contained in the conclusion by which its finding over-reached the date of the execution of the deed from Emily L. Janeway to the Cummings. Though it is clear that no absolute effect can be accorded these findings it has been held that great weight should be given by a court to such an adjudication where the validity of a deed is questioned upon the ground that the grantor was not possessed of sufficient mind to understand the reasonable nature and effect of his act. Turner v. Cole, 116 N.J. Eq. 368 (Ch. 1934). Ordinarily the effect of such a finding would be entirely prospective and could not support any act or deed of legal significance performed or executed by the one adjudged, but in this instance the conclusions supporting the judgment specifically dated her incompetency to a period preceding it by 14 years. No greater effect can be given this accompanying qualification than is possessed by the judgment itself, but neither can it be contended that it is a wholly gratuitous provision and, being accorded in these considerations a prima facie force less than but similar to that belonging to the judgment itself, a determination of fact is made that Emily L. Janeway was incompetent at the time she executed the deed.
*536 This requires then a consideration of the validity of such a deed. The plaintiff contends that it is void absolutely. If this is so then his right to recover is unquestionable. No controlling authority is cited in support of this contention, though approval of this view might be argued from a sentence extracted from the court's opinion in Eaton v. Eaton, 37 N.J.L. 108 (Sup. Ct. 1874) as follows:
"There would appear to be good cause to hold that deeds made by lunatics, found such by commission and placed under guardianship, are void; but before such adjudication, the rule that holds such deeds voidable, is sufficiently stringent."
But the court continuing its consideration of the law governing such transactions concluded thus:
"This is good law where there is fraud practiced upon one who is known at the time to be insane, but is not law where the purchase and conveyance are made in good faith, for a good consideration and without knowledge of the insanity; not only must the consideration returned in such cases before the conveyance will be avoided, but courts of equity and courts of law have gone further, and held that where persons apparently of sound mind and not known to be otherwise, enter into a contract which is fair and bona fide, and which is executed and completed, and the property, the subject matter of the contract, cannot be restored so as to put the parties in statu quo, such contract cannot be set aside either by the alleged lunatic or those who represented him. Yauger v. Skinner, 1 McCarter 389; Molton v. Camroux, 2 Exch. 487; S.C., 4 Exch. 17."
All other reported cases are one in their holding that such deeds, voidable in nature, must stand where it is shown that the insane person received an adequate consideration, the contract is in itself equitable and fair, and where the original status of the parties cannot be restored. In this instance the evidence considered tends to establish the payment of a consideration in excess of that contemporaneously approved by the Orphan's Court for another part of the same tract. It further appears that the transaction itself was negotiated and completed by a representative of the incompetent and it may be inferred that the purchase of the whole was conditioned upon grantees being assured that the part owned by *537 the then inmate of the mental institution could be effectively sold. Considerable weight must also be given to the fact that the deed was witnessed by the medical director of the institution.
All this would justify if it does not require a finding that the deed was free of taint ab initio without the necessity of examining into the course followed by those succeeding to the interest of the incompetent after the event, but a brief advertence to those facts serves to establish the ratification of the transaction by those, who, even more than the incompetent herself would have been prejudiced by any loss resulting to her. They, all members of her immediate family, represented by the same counsel had immediate knowledge of the sale and one of them became her guardian upon the adjudication of lunacy, and all shared ultimately in her estate. Despite this situation her deed has stood unquestioned or unassailed by any of them for 26 years.
It is therefore decided that the deed from which the plaintiff's title derives is valid in every respect and proof against any infirmity or incompetency resulting from the conceded insanity of Emily L. Janeway the grantor in that deed.